

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*overruled by WW-426 WW-516 where conflict*

Honorable Callan Graham
District Attorney
Junction, Texas

Dear Sir:

Opinion No. O-4443
Re: Is it necessary to elect a
judge for the 112th Judicial
District under the given facts?

Your letter of February 17, 1942, requesting the
opinion of this department on the above stated question reads
in part as follows:

"I would like to have your opinion as to
whether or not it will be necessary to elect
a Judge this year for the 112th Judicial Dis-
trict.

"The facts are as follows: At the general
election in November, 1938, Joe G. Montague was
elected to a new full four year term. On Jan-
uary 1, 1939, he took the oath of office and it
was recorded in the office of the Secretary of
State. A few days later he resigned from the
office, and on January 25, 1939, W. C. Jackson
was appointed by the Governor. Judge Jackson
duly qualified and entered upon the duties of
the office immediately. At the general elec-
tion in November, 1940, Judge Jackson was elect-
ed to the office of Judge of the 112th Dis-
trict.

"The Consitution, Art. 16, Section 27, and
Art. 5, Section 28, as construed by the Court of
Civil Appeals in the case of Nicks vs. Curl, et
al, 86 S. W. 368, provides that the election of
W. C. Jackson in 1940 was to fill the unexpired
term of Judge Montague, and as I understand that

Honorable Callan Graham, Page 2

decision it will be necessary at the November election 1942 to elect a Judge of the 112th Judicial District.

"The above decision, so far as I have been able to find, is the only one on this question and has never been cited in any other case."

Article 19, Vernon's Annotated Civil Statutes, provides:

"All vacancies in State or district offices, —except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy, who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate, or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

Article 20, Vernon's Annotated Civil Statutes, provides:

"All elections to fill vacancies in office shall be to fill the unexpired term only."

Section 12 of Article IV of the State Constitution provides in part:

".... Appointments to vacancies in office elective by the people shall only continue until the first general election thereafter."

Section 28, Article V of the State Constitution provides:

"Vacancies in the office of Judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals and District Courts shall be filled by the Governor until the next succeeding general election; and vacancies in the office of County Judge and justices of the peace shall be filled by the Commissioners Court until the next general election for such offices."

Section 27, Article XVI of the State Constitution provides:

"In all elections to fill vacancies of →office in this State, it shall be to fill the unexpired term only."

Article 2929a, Vernon's Annotated Civil Statutes, provides:

"From and after the effective date hereof the terms of office of all elective State and District officers of the State of Texas, excepting Governor, Lieutenant Governor, Members of the Senate, and Members of the House of Representatives, shall begin on the 1st day of January next following the General Election at which said respective State and District officers were elected."

The case of Nicks v. Curl, et al, supra, in construing Article XVI, Section 27, and Article V, Section 28, supra, holds in effect that all elections to fill vacancies in an office shall be to fill the unexpired term only, and that vacancies in the offices of Judges of the District Courts shall be filled by the Governor until the next succeeding general election and the Judge elected at the general election in 1902 in place of the Judge regularly elected in 1900, whose office became vacant by death, was elected for the unexpired term of the deceased Judge only, and not for the full, constitutional term of four years.

When Mr. Joe G. Montague was elected District Judge in November, 1938, the term for which he was elected began on January 1, 1939, and would have expired on January 1, 1943. When Mr. Montague resigned and Mr. Jackson was appointed District Judge by the Governor, he was appointed to serve as District Judge until the next succeeding general election which was in November of 1940, and unless elected at said general election his term of office under the appointment would have expired January 1, 1941, but Mr. Jackson was elected at the general election in 1940 and by virtue of this election was entitled to hold the office of District Judge for the unexpired term of Mr. Montague. Therefore, in view of the foregoing authorities, we respectfully answer the above stated question in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 21, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW: GO

